Application **GRANTED** in part. Defendant may file an amended notice of removal and supporting declaration by **January 16, 2024.** Plaintiff may renew its motion to remand by **January 23, 2024.** Defendant may file its opposition by **January 30, 2024,** and Plaintiff may file its reply by **February 2, 2024.** Plaintiff's motion to remand at Dkt. No. 14 is denied as moot. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 14.

Dated: January 10, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# EPSTEIN BECKER GREEN

Attorneys at Law

Jeremy M. Brown
t 973.639.8259
f 973.639.8733
JMBrown@ebglaw.com

January 9, 2024

**VIA ECF**

Honorable Lorna G. Schofield, United States District Judge
United States District Court
Southern District Court of New York
New York, New York 10007

Re: *Rakowicz et al. v. ABM Industry Groups, LLC and UG2 LLC* - No. 23-cv-09254

Dear Judge Schofield:

This firm represents defendant ABM Industry Groups, LLC ("ABM") in the above-referenced action. We are compelled to write with the consent of counsel[1] for Plaintiffs in accordance with Your Honor's Individual Practice Rules III.A.1 and III.C.2 to respectfully request the opportunity to file an Amended Notice of Removal, a Revised Declaration for Richard Kolb, and an Amended Memorandum of Law in Opposition to Plaintiffs' Motion to Remand in light of a recent disclosure by ABM described below. Consequently, ABM also respectfully requests that this Court hold in abeyance its decision on the Motion to Remand until after ABM has filed its Amended and Revised pleadings.

Given the passage of time since ABM serviced the Fashion Institute of Technology ("FIT") account, ABM was only able to initially locate the 1999 Service Contract between ABM and FIT. *See* ECF No. 6-1, Exhibit A to Robert Kolb's Declaration. However, after we briefed the Motion to Remand, ABM came into possession of a more recent contract executed in 2008 (the "2008 Service Contract") and verified that this contract was likely in effect during the relevant time period associated with this matter. While the 2008 Service Contract does not impact the central arguments ABM made for removal or in opposing the motion to remand, the terms of the Service Contracts are different. While ABM reserves all rights regarding the applicability and interpretation of this newer contract, ABM is compelled to correct its submissions to the Court and respectfully requests leave to do so. ABM has contacted counsel and sent them copies of the documents at issue.

ABM proposes the following briefing schedule for the remand motion: (i) ABM's Amended and Revised Filings: **January 19, 2024**; and (ii) Plaintiffs' Reply brief: **January 31, 2024** (subject to Plaintiffs' counsel's review of the 2008 Service Contract and reservation of rights).

---

[1] Counsel for co-defendant UG2 LLC does not object to ABM's request.

Honorable Lorna G. Schofield, U.S.D.J.
January 9, 2024
Page 2

      For the foregoing reasons, ABM respectfully requests that a decision on the Motion to Remand be held in abeyance, order the proposed briefing schedule, and grant ABM the opportunity to correct, amend and revise relevant submissions filed with this Court.

      Respectfully submitted,

**/s/ Jeremy M. Brown**

Jeremy M. Brown (*for Defendant* ABM)

cc:    Avi Mermelstein, Esq. (via ECF)
        Cassandra Santoro Fuller, Esq. (via ECF)