

**EPSTEIN BECKER GREEN**

Attorneys at Law

Jeremy M. Brown
t 973.639.8259
f 973.639.8733
JMBrown@ebglaw.com

Application **GRANTED** in part and **DENIED** in part.  Discovery is stayed pending the resolution of Defendants' motion to remand.  The request for a conference is denied as moot.  The parties are apprised that discovery typically is not stayed pending a motion to dismiss.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 38.

Dated: February 13, 2024
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

<u>**VIA ECF**</u>

Honorable Lorna G. Schofield, United States District Judge
United States District Court
Southern District Court of New York
New York, New York 10007

      Re:  <u>*Rakowicz et al. v. ABM Industry Groups, LLC and UG2 LLC* - No. 23-cv-09254</u>

Dear Judge Schofield:

      This firm represents defendant ABM Industry Groups, LLC in the above-referenced action. We write jointly along with counsel for defendant UG2 LLC (collectively "Defendants") and counsel for Plaintiffs in accordance with Your Honor's Individual Practice Rules III.A.1 and III.C.3 to request an informal conference to hear our joint request to stay discovery in this matter during the pendency of the motion to remand. In the alternative, the Parties request leave of Court to allow the parties to file a motion to stay discovery.

### I.    Procedural Posture

      The Parties fully briefed and are awaiting a decision on Plaintiffs' motion to remand. *See* ECF Nos. 30 *et seq*. The Parties have not yet served discovery in this matter and make this request jointly to stay discovery pending resolution of the renewed motion to remand in order to avoid potentially duplicative discovery and the time, expense, and effort required in connection with the same.

### II.    <u>The Parties have Good Cause to Stay Discovery Pending this Court's Ruling on the Motion to Remand</u>

      Federal Rule of Civil Procedure 26(c) provides that "for good cause shown," a district court may, in its discretion, stay discovery or issue a protective order limiting discovery to certain matters. *See* FED. R. CIV. P. 26(c).

      Where a discovery stay is sought pending a dispositive motion, a court may evaluate the strength of the motion and likelihood of whether the case could be dismissed based upon the merits of the motion. *See, e.g., Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y.2002). This Court's ruling on the motion to remand is a potentially dispositive motion. *See e.g., Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008)(recognizing that "a § 1447(c) remand order determine[s] the fundamental question of whether a case could proceed in a federal court, [] it is indistinguishable from a motion to dismiss the action from federal court based

Honorable Lorna G. Schofield
February 9, 2024
Page 2

on a lack of subject matter jurisdiction[.]") (internal quotations and citations omitted). If Plaintiffs' motion is granted, the Parties would face the risk of engaging in duplicative motion practice and discovery related proceedings.

If Plaintiffs' motion is denied, Defendants will promptly submit a renewed premotion letter to file their respective motions to dismiss, in addition to seeking a continued stay of discovery pending the Court's ruling on that anticipated motion. Furthermore, the Parties agree that staying discovery at this juncture would not prejudice Defendants or Plaintiffs.

While the parties have not yet served discovery demands, they anticipate that the breadth of potential discovery weighs in favor of granting a stay of discovery. Discovery in this case would likely include requests for a significant production of documents and information, in addition to electronic discovery, spanning a significant number of years that would be costly and burdensome for all Parties at this juncture. Depositions, which may have to be retaken, would include not only those of Plaintiffs, but also of corporate representatives and third parties that may have information relevant to this matter.

For the foregoing reasons, we respectfully request Your Honor stay discovery, or schedule an informal conference to hear the Parties' request, or allow the Parties to brief a joint motion to stay discovery pending the disposition of the motion to remand and forthcoming motions to dismiss.

Respectfully submitted,

**/s/ Jeremy M. Brown**

Jeremy M. Brown (*for Defendant* ABM)

**/s/ Cassandra S. Fuller**

Cassandra S. Fuller (*for Defendant* UG2)

**/s/ Avi Mermelstein**

Avi Merlmelstein (*for Plainitiffs*)

cc: Avi Mermelstein, Esq. (via ECF)
    Cassandra Santoro Fuller, Esq. (via ECF)